IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NATURE'S SUNSHINE PRODUCTS, a Utah corporation,<br><br>      Plaintiff,<br><br>v.<br><br>SUNRIDER CORPORATION, a Utah corporation,<br><br>      Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR ATTORNEY FEES AND COSTS<br><br>Case No. 2:09-cv-896 TC BCW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

Before the court is Plaintiff's Nature's Sunshine Products' Motion for Attorney fees and Costs.[1] On November 23, 2011, Judge Tena Campbell granted Plaintiff's motion to enforce the Settlement Agreement.[2] Pursuant to the Settlement Agreement Plaintiff seeks $45,738.00 in attorneys fees. As set forth below the court grants Plaintiff's motion.

The facts of this case are set forth in Judge Campbell's decision granting Nature's Sunshine's Motion to Enforce Settlement,[3] so the court need not repeat them at length here. In short, Judge Campbell granted Nature's Sunshine's Motion to Enforce Settlement and Nature's Sunshine now seeks attorneys fees and costs pursuant to the agreement which provides in relevant part:

> **18.**   **Attorney Fees**: Should suit be instituted to enforce any provision of, or to exercise any rights granted in, this Settlement Agreement as a result of a breach thereof, the prevailing party in such litigation shall be awarded its reasonable attorney fees and costs incurred in connection with such litigation.[4]

---

[1] Docket no. 40.

[2] Docket no. 39.

[3] Order dated November 21, 2011, docket no. 39.

[4] Settlement Agreement and Mutual Release of Claims, § 18 (attached as exhibit 17 to the Declaration of Joshua G. Gigger).

Defendant Sunrider Corporation opposes Plaintiff's motion. Sunrider argues that it is "unclear whether [Judge Campbell's] Order granted NSP's request for attorneys' fees and costs."[5] Sunrider further asserts that there is "no foundation in the parties' Proposed Settlement Agreement for an award of fees in this context."[6] Sunrider specially cites to the phrase *"Should suit be instituted"* found at the first of the Attorney Fee clause and argues that neither party instituted a lawsuit. Rather, Nature's Sunshine sought to enforce the settlement in this action which has been pending since October 2009, so attorney fees are not recoverable.

The court finds Sunrider's position unpersuasive. Attorneys fees are awardable if authorized by statue or by contract.[7] Here, the Settlement Agreement provided for an award of attorney fees and costs to the prevailing party. Judge Campbell ruled in favor of Nature's Sunshine and Sunrider has filed an appeal to the Tenth Circuit. The fact that Nature's Sunshine prevailed without filing another lawsuit does not change the applicability of the Attorney Fees provision. In *Flying J. Inc. v. Comdata Network, Inc.*,[8] this court awarded attorneys fees pursuant to a settlement agreement after a motion to enforce settlement was brought. The agreement provided that if a "lawsuit becomes necessary to resolve any dispute concerning any Party's obligations or rights under this Settlement Agreement, the prevailing Party shall be entitled to recover as damages . . . reasonable attorneys' fees . . . ."[9] The court is persuaded by the reasoning in *Flying J* and declines Sunrider's invitation to elevate form over substance. The

---

[5] Op p. 2.

[6] *Id.* at p. 3.

[7] *Dixie State Bank v. Bracken*, 764 P.2d 985, 988 (Utah 1988) ("In Utah, attorney fees are awardable only if authorized by statute or by contract."); *R.T. Nielson Co. v. Cook*, 40 P.3d 1119, 1125 (Utah 2002) ( stating that "if provided for by contract, the award of attorney fees is allowed only in accordance with the terms of the contract");

[8] 2007 U.S. Dist. LEXIS 84554.

[9] *Id.* at *12.

court finds that attorney fees are available to Plaintiff pursuant to the terms of the Settlement Agreement and now turns to Plaintiff's request.

A court has discretion in determining the amount of a fee award and the Tenth Circuit has stated that a district court should carefully scrutinize a request for attorney fees and costs "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients whose fee arrangement requires a detailed report of hours expended and work done."[10] The burden is on the party requesting fees to show the request is in line for similar services by lawyers of comparable skill, experience, and reputation. A court looks to the prevailing market rates in the relevant legal community.[11]

Plaintiff submits affidavits, curriculum vitaes from the attorneys who performed work, and a "Description of Attorneys' Fees by Month"[12] in support of the motion for attorney fees. The Description of Attorneys' Fees by Month lists the date, the attorney performing the work, the time, the charges for that time, and a description of the work performed. For example, on July 6, 2011, Joshua Gigger worked for .7 of an hour at a cost of $199.50 researching and analyzing the enforcement of oral settlement agreements.[13] Plaintiff seeks a total of $45,738.00 in attorneys fees.

Sunrider argues the fees sought by Nature's Sunshine are excessive. In support of this argument Sunrider first alleges that the hourly rates sought by Plaintiff are unreasonable and should be based on the prevailing market rate in the relevant community. Second, Sunrider asserts that Plaintiff's block billing of attorney fees warrants a reduction in the request for fees.[14]

---

[10] *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

[11] *See Flying J*, 2007 U.S. Dist. LEXIS at *14-15; *Jane L. v. Bangerter*, 61 F.3d 1505, 1509 (10th Cir. 1995).

[12] Attached as exhibit 1 to Plaintiff's motion.

[13] *See id.* at p. 5.

[14] *See* op. p. 5.

And finally, Sunrider avers that Plaintiff seeks fees for duplicative work performed by an unreasonable number of attorneys.

The court disagrees with Defendant's arguments. In Utah the reasonableness of a fee is analyzed under a series of four questions or factors.[15] These questions are:

1. What legal work was actually performed?
2. How much of the work performed was reasonably necessary to adequately prosecute the matter?
3. Is the attorney's billing rate consistent with the rates customarily charged in the locality for similar services?
4. Are there circumstances which require consideration of additional factors, including those listed in the applicable rules of professional conduct?[16]

Here, Plaintiff's submissions outline what legal work was performed. The attorneys for Plaintiff researched and sought occasion to enforce the Settlement Agreement. There is nothing before the court indicating that the work was unnecessary. Moreover, Defendant's assertion that Plaintiff has "provided no evidence of the prevailing market rate" is undermined by Plaintiff's submission of the declaration of Marc Rasich who testified that the rates charged by his firm were reasonable and "competitive with other Utah attorneys with similar experience."[17] Defendant fails to offer any evidence to the contrary. As such, the court rejects Defendant's argument that the hourly rates sought by Plaintiff are unreasonable and not in accordance with local rates.

Next, like the party in *Flying J*, Defendant takes issue with Plaintiff's "block billing" arguing that the rate should be reduced because Plaintiff failed to adequately itemize the time expended on specific tasks. In *Robinson v. City of Edmond*,[18] the Tenth Circuit explained: "The

---

[15] *See Flying J*, 2007 U.S. Dist. LEXIS 84554, *23.

[16] *Id.* quoting *Dixie State Bank v. Bracken*, 764 P.2d 985, 990 (Utah 1988) (quotations omitted).

[17] Rasich Decl. ¶ 8.

[18] 160 F.3d 1275 (10th Cir. 1998).

4

use of billing practices that camouflage the work a lawyer does naturally and quite correctly raise suspicions about whether all the work claimed was actually accomplished or whether it was necessary. This concern is particularly important in a situation where a party is seeking to have his opponent pay for his own lawyer's work."[19] To address block billing: "[A] district court may discount requested attorney hours if the attorney fails to keep 'meticulous, contemporaneous records' that reveal 'all hours for which compensation is requested and how those hours were allotted to specific tasks.'"[20] For example, in *Oklahoma Natural Gas Co. v. Apache Corp.*,[21] the district court reduced the fee claim by 15% to account for block billing.[22]

Here, however, Plaintiff's counsels' descriptions of the work performed are not so broad and unspecific as to warrant a reduction for block billing. Like the court in *Flying J*, this court finds the descriptions specific enough to permit meaningful review and therefore does not reduce the requested amount for alleged block billing.[23]

Finally, Defendant takes issue with the use of multiple attorneys by Plaintiff and argues that Plaintiff should have used only one partner and one associate rather than five attorneys (two partners and three associates). According to Defendant, the use of too many attorneys created duplicative and excessive work. The court disagrees. Given the nature of the background dispute and the significant amount that was at stake, the court is not persuaded that Plaintiff's counsel overstaffed its pursuit of enforcing the Settlement Agreement.[24] Rather, in the court's

---

[19] 160 F.3d at 1284.

[20] *Id.* (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

[21] 355 F.Supp.2d 1246, 1265 (N.D. Okla. 2004).

[22] *See also, Reyes v. Nations Title Agency of Illinois*, 2001 WL 687451, *2 (N.D.Ill. June 19, 2001) (10 percent reduction of block-billed time entries); *Mogck v. Unum Life Ins. Co. of America*, 289 F.Supp.2d 1181, 1194–95 (S.D.Cal.2003) (10 percent reduction for excessive interoffice conferences and other problems).

[23] *See Flying J.*, 2007 U>S> Dist. LEXIS 84554, *68.

[24] *See Flying J.*, 2007 U.S. Dist. LEXIS 84554, *54.

view, Plaintiff's actions in this case reduced the burden on the court and the costs to Defendant by not filing a separate lawsuit to enforce the Settlement Agreement, which is something Defendant advocated Plaintiff should have done in order to receive fees.[25]

## CONCLUSION

Following a careful review of this case and the materials submitted in support of the motion, the court for the foregoing reasons GRANTS Plaintiff's Motion for Attorney Fees. Defendant is directed to pay $45,738.00 in attorneys fees and costs within thirty (30) days from the date of this decision.

SO ORDERED this 31st day of May 2012.

                    Brooke C. Wells
                    United States Magistrate Judge

---

[25] *See supra* p. 2.